

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES A.A. OFFICE,<br>B.I.A. CORRECTIONS PERSONNEL,<br>U.S.B.O.P., MONTANA STATE<br>PRISON INFIRMARY,<br><br>Defendants. | CV 16-00112-M-DLC-JCL<br><br><br>RECOMMENDATION & ORDER |

Plaintiff Gregory Wallace, a prisoner at Montana State Prison, proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and lodged a civil complaint on August 29, 2016. (Doc. 2.) By Order dated September 1, 2016, Mr. Wallace was required to file a brief on or before September 23, 2016 which alleged sufficient facts to show that he is in imminent danger of serious physical injury. (Doc. 3.) Mr. Wallace failed to comply.

As set forth in the Court's prior Order, 28 U.S.C. § 1915(g) provides as

follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Wallace has filed four civil actions which have been dismissed for failure to state a claim. *See Wallace v. N. Cheyenne Corrections Officers, et al.,* CV-09-00116-BLG-RFC-CSO (D. Mont. Judgment of dismissal filed December 30, 2009); *Wallace v. Hamm, et al.,* CV-12-00073-BLG-RFC (D. Mont. Judgment of dismissal filed October 5, 2012); *Wallace v. Sioux-Assinniboine Corrections, et al.,* CV-15-00030-GF-BMM (D. Mont. Judgment of dismissal filed November 16, 2015); and *Wallace v. CIA/BIA Corrections, et al.,* CV-15-00055-M-DLC (D.Mont. Judgment of dismissal filed January 6, 2016).

Mr. Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit and he failed to show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

Therefore, the Motion to Proceed in Forma Pauperis should be denied. Because Mr. Wallace is not entitled to a ten-day period to object, this Order will

be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

While the Court ordinarily gives litigants an opportunity to pay the $400.00 filing fee, it should not do so in this case. Mr. Wallace has a history of abusing the system and filing repetitive, frivolous lawsuits. Long before he filed this action, Mr. Wallace knew, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

The motion to proceed in forma pauperis (Doc. 1) should be DENIED. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Based on the foregoing, the Court RECOMMENDS the following Order be issued by Judge Christensen.

DATED this 3rd day of October, 2016.

Jeremiah C. Lynch
United States Magistrate Judge

Based upon the above Recommendation by Judge Lynch, the Court issues the following:

**ORDER**

1. Mr. Wallace's Motion to Proceed in Forma Pauperis (Doc. 1) is DENIED.

2. The Clerk of Court is directed to close this case.

DATED this 5th day of October, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court